# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

  v.                                                **Case No. 09-CR-66**

**PHANTHIP THEPHAVONG**
      **Defendant.**

## ORDER

On March 18, 2010, I sentenced defendant Phanthip Thephavong to 87 months in prison on his guilty plea to conspiracy to distribute MDMA, commonly known as ecstasy. He took no appeal but on January 24, 2011, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and the new guidelines that went into effect on November 1, 2010.

Section 3582(c)(2) permits the district court to reduce a term of imprisonment if the defendant's sentencing range "has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the first condition is not met, the district court lacks subject-matter jurisdiction to consider the prisoner's request for a sentence reduction. United States v. Forman, 553 F.3d 585, 588 (7th Cir.), cert. denied, 129 S. Ct. 2817 (2009).

Here, defendant points to no guideline amendment lowering his sentencing range. Therefore, I lack jurisdiction to consider this request. Defendant states that the 2010 guidelines relaxed some of the previous restrictions on departures and added a departure provision based on cultural assimilation, but those changes do not affect defendant's guideline range. Nor have they been designated for retroactive application under U.S.S.G. § 1B1.10(c). See United

States v. Alexander, 553 F.3d 591, 593 (7th Cir. 2009) (stating that "an amendment to the guidelines that is not made retroactive by the Sentencing Commission is not a ground for reopening a sentence imposed before the amendment went into effect"). Finally, § 3582(c)(2) does not permit a court to reconsider a sentence based on § 3553(a) arguments. See United States v. Dillon, 130 S. Ct. 2683 (2010).[1]

**THEREFORE, IT IS ORDERED** that defendant's motion is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] At defendant's original sentencing, I considered all § 3553(a) arguments presented and did not treat the guidelines as presumptive, as defendant seems to suggest. Indeed, I imposed a sentence significantly below his guideline range of 135-168 months.