# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

**v.**                                              **Case No. 09-CR-66**

**PHANTHIP THEPHAVONG**
    **Defendant.**

## ORDER

Defendant Phanthip Thephavong again asks me to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). As I indicated in dismissing defendant's previous § 3582(c)(2) motion, the district court possesses authority to reduce a sentence under this statute only if the defendant's imprisonment range has subsequently been reduced via some retroactively applicable amendment to the sentencing guidelines. See United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009); United States v. Alexander, 553 F.3d 591, 593 (7th Cir. 2009); United States v. Forman, 553 F.3d 585, 588 (7th Cir.), cert. denied, 129 S. Ct. 2817 (2009). As with his prior filing, defendant fails in the instant motion to identify any retroactively applicable amendment lowering his range. Therefore, I dismiss the motion.

## I.

On March 18, 2010, I sentenced defendant to 87 months in prison following his guilty plea to conspiracy to distribute ecstasy, a sentence substantially below his guideline range of 135-168 months. On January 24, 2011, defendant filed a motion for reduction of sentence under § 3582(c)(2) and the new guidelines that went into effect on November 1, 2010. Defendant specified no guideline amendment lowering his sentencing range; rather, he stated

that the 2010 guidelines relaxed some of the previous restrictions on departures and added a departure provision based on cultural assimilation. However, those changes did not affect defendant's guideline range; nor had they been designated for retroactive application in U.S.S.G. § 1B1.10(c); and § 3582(c)(2) does not permit a court to reconsider a sentence based on § 3553(a) or departure arguments. See United States v. Dillon, 130 S. Ct. 2683 (2010). I therefore dismissed the motion.

**II.**

In the instant motion, petitioner generally states that § 3582(c)(2) permits the district court to reduce a previously imposed sentence where the guideline range in effect at the time of sentencing is later lowered by the Sentencing Commission. He states that the statute permits a prisoner to alert the court to changes in the guidelines that would permit a reduction. However, he identifies no guideline amendment applicable to his situation. I thus lack authority to reduce his sentence.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 60) is **DISMISSED**. Defendant is advised that any further § 3582(c)(2) motion which makes no serious effort to justify relief under the statute will be dismissed summarily.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge